### 35553. Maddox *v.* The State.

Carlisle, J. Where, on the trial of one charged with possessing more than one quart of alcoholic liquors in a dry county of this State, it appears from the evidence that certain law-enforcement officers found 77 half-pints and 11 pints of whisky in the trunk of an automobile parked in the driveway of the defendant's place of business; that the automobile had been parked there several days before the discovery of the whisky and stayed there several days after the discovery of the whisky; that, although the defendant was not present at the time the officers came to his place of business and confiscated the whisky, the defendant's wife

watched from a window in the defendant's place of business and saw the officers take the whisky; and the defendant came to the courthouse on the night of the day on which the whisky. was confiscated and asked one of the officers, "What will it take to settle this?". to which the officer replied that he would have to see the sheriff, to which the defendant replied, "I thought you were my friend," and upon the officer's assurance that he was his friend, the defendant said, "You could have put the lid [to the trunk of the car] down when you saw the whisky"—the jury was authorized to infer that the whisky belonged to the defendant and that he was guilty as charged. It follows that the trial court did not err in denying the motion for a new trial based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 18, 1955.

*Hugh D. Wright*, for plaintiff in error.
*Ben T. Willoughby, Solicitor-General*, contra.